IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES DANIEL HODGES,

    Plaintiff,

v.

CIVIL ACTION NO.: CV610-006

Ms. RAUB, Contract Staff Nurse
and STATE OF GEORGIA
DEPARTMENT OF CORRECTIONS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Valdosta State Prison in Valdosta, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he went to Georgia State Prison's ("GSP") emergency room for his chronic care to have his blood sugar checked and an insulin injection. Plaintiff contends that Defendant Raub told him he was late and that she should kick him in his rear end. Plaintiff also contends that, as he was giving himself an insulin injection, Defendant Raub "assaulted as well as insulted" him by kicking him in the rear end. (Doc. No. 1, p. 5). Plaintiff requests compensation for punitive damages, pain and suffering, and psychological and mental anguish.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use.

2

Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Plaintiff has not presented facts to establish an arguable claim for relief under the Eighth Amendment against Defendant Raub.

Additionally, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the

AO 72A
(Rev. 8/82)

exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted). Plaintiff has set forth no facts indicating that Defendant Raub violated his constitutional rights, and thus, Plaintiff cannot sustain a cause of action against this named Defendant.

Plaintiff also names that Georgia Department of Corrections as a Defendant. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against the Georgia Department of Corrections, his claims against this Defendant should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for his failure to state a cognizable claim pursuant to section 1983.

**SO REPORTED** and **RECOMMENDED**, this 15th day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE